UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHUONG NGO and COMMONWEALTH SECOND AMENDMENT, INC, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM B. EVANS, in his Official Capacity as the Commissioner of the Boston Police Department | **VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF** |

Plaintiffs PHUONG NGO and COMMONWEALTH SECOND AMENDMENT, INC., as and for their Complaint against the Defendant WILLIAM B. EVANS, Commissioner of the City of Boston Police Department in his official capacity (hereinafter termed "Defendant"), state as follows:

1. This is a 42 U.S.C. § 1983 action for equitable, declaratory, and injunctive relief challenging the Boston Police Department's policy to refuse to accept Plaintiff's United States Passport as evidence of United States Citizenship and violating Plaintiff's Constitutional rights under Second and Fourteenth Amendments and the Supremacy Clause of the United States Constitution.

## PARTIES

2. Plaintiff Phuong Ngo ("Mr. Ngo") is a resident of Boston, Massachusetts and is a Citizen of The United States of America.

3. Plaintiff Commonwealth Second Amendment, Inc. ("Comm2A") is a non-profit corporation organized under the laws of Massachusetts with its principal place of business in Natick, Massachusetts.

4.      Defendant William B. Evans ("Commissioner Evans") is sued in his official capacity as the Commissioner of the Boston Police Department and Boston Police Department Licensing Authority ("LA"), responsible for developing, executing and administering the city's customs, practices and policies regarding firearms licenses pursuant to powers granted by M.G.L. ch. 140, §§ 131 and 131A. Commissioner Evans, or his designate, is presently enforcing the City's customs, practices and/or policies complained of in this action. .

## JURISDICTION

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

6.      This Court has personal jurisdiction over each of the Defendants because, inter alia, they acted under the color of laws, policies, customs, and/or practices of the Commonwealth of Massachusetts and/or within the geographic confines of the Commonwealth of Massachusetts.

7.      Venue is proper pursuant to 28 U.S.C. § 1391.

8.      The Eastern Division is appropriate pursuant to LR 40.1(D)(1)(b) because all of the parties reside in the District and a majority reside in the Eastern Division.

## CONSTUTIONAL PROVISIONS

9.      The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend II.

10.     The Second Amendment "guarantee[s] the individual right to posses and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

11. The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. 742 (2010).

12. The Equal Protection Clause of the Fourteenth Amendment provides that a State shall not "deny to any person within its jurisdiction the equal protection of the laws." Under the Equal Protection Clause, "Classifications based on race or national origin and classifications affecting fundamental rights are given the most exacting scrutiny." Clark v. Jeter, 486 U.S. 456, 461 (1988) *internal citations omitted*.

13. The Supremacy Clause, in Article VI: provides that "The Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." U.S. Const. art. VI, § 2.

14. "In the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law, see Pacific Gar & Elec. Cp. V. State Energy Resources Conservation and Development Comm'n, 461 U.S. 190. 204 (1983).

15. "That the supremacy of the national power in the general field of foreign affairs, including power over immigration, naturalization and deportation, is made clear by the Constitution, was pointed out by the authors of The Federalist in 1787, and has since been given continuous recognition by this Court." … "No state can add to or take from the force and effect of such treaty or statute, for Article VI of the Constitution." Hines v. Davidowitz, 312 US 52, 62 (Sup. Ct. 1941).

## FEDERAL LAW GOVERNING EVIDENCE OF CITIZENSHIP

16. A passport, during its period of validity (if such period is the maximum period authorized by law), issued by the Secretary of State to a citizen of the United States shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction. 22 U.S.C. § 2705.

17. A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled: (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization. (2) The child is under the age of eighteen years. (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence. 8 U.S.C. § 1431.

## MASSACHUSETTS HANDGUN LICENSING LAWS

18. It is unlawful to possess, use, or carry a handgun unless one holds a License to Carry Firearms ("LTC") issued pursuant to M.G.L. ch. 140 § 131. See M.G.L. ch 269 § 10(a); M.G.L. ch 140 §§ 129B-129C.

19. Under M.G.L. ch. 140, §§ 131(d), 131A Massachusetts residents apply for LTCs and FIDs from the police chief of the town or city where they reside or have a place of business. The police chief is authorized by statute as the "Licensing Authority" for all firearms licensing activity.  See M.G.L. ch. 140, §§ 121, 131(a), 131(b), 131(d)

## FACTS

20. Plaintiff Phuong completed a "License to Carry Firearms Worksheet Civilian", as provided by the Boston Police Department in order to obtain for self-defense

and to maintain proficiency in their use, firearms protected under the Second Amendment. A true and correct copy of Plaintiff's worksheet is attached hereto and made a part hereof as Exhibit "A".

21. The Boston Police Department refused to accept an application from the Plaintiff based on lack of proof of Plaintiff's citizenship.

22. The reason given for the refusal was the absence of a United States Birth Certificate or a Certificate of Naturalization. The Boston Police Department has not made any specific allegation that Ngo is not a citizen or that his passport is otherwise invalid.

23. On information and belief, The Boston Police Department will not process a License to Carry Firearms or Firearm Identification Card unless the applicant provides a United States Birth Certificate or Naturalization Documents.

24. The Plaintiff derived his citizenship through the naturalization of his father in 2006. A true and correct copy of Plaintiff's affidavit is attached hereto and made a part hereof as Exhibit "B".

25. The Plaintiff did not acquire citizenship at birth and is therefore unable to provide a United States Birth certificate.

26. The plaintiff did not naturalize and is therefore unable to provide a Naturalization Document.

27. The plaintiff explained that he could not provide the requested documentation as he was neither born in the United States nor a naturalized citizen and that he is a United States citizen through his father.

28.     According to the naturalization proceedings, the Plaintiff should not have a Naturalization Document due to becoming a citizen under the parent's naturalization process.

29.     The plaintiff offered his United States Passport as proof of his valid United States Citizenship.

30.     The Boston Police Department repeatedly refused to accept plaintiff's United States Passport as evidence of his United States Citizenship. A true and correct copy of the Boston Police Department Application Documentation Requirements is attached hereto and made a part hereof as Exhibit "C".

31.     Plaintiff learned that he could apply for a Certificate of Citizenship from the United States State Department, and requested assurances from the Boston Police Department that this document would be accepted.

32.     The application via USCIA Form N-600 is required to obtain a Certificate of Citizenship with the fee in the amount of Six Hundred Dollars ($600).

33.     The Boston Police Department refused to provide the assurances to the Plaintiff whether it would or would not accept a Certificate of Citizenship as proof of United States Citizenship.

**INJURY TO PLAINTIFFS**

34.     The refusal of the Defendant to accept a United States Passport as evidence of United States Citizenship, in accordance with 22 U.S. Code § 2705, precludes the Plaintiff from possessing, using, or carrying handguns for any lawful purpose, including, but not limited to self defense and defense of hearth and home.

35. Plaintiff Comm2A is a nonprofit organization recognized under § 501(c)(3) of the Internal Revenue Code. The purposes of Comm2A include education, research, publishing, and legal action focusing on the Constitutional Rights of the people to posses and carry firearms.

36. Comm2A expends significant resources assisting people who are unable to submit an application for a License to Carry Firearms or a Firearms Identification Card, including specifically people denied processing of Firearms Applications due to the refusal of police departments to accept a United States Passport as proof of United States Citizenship.

37. Supporters of Comm2A have been unable to submit Firearms Applications due to the refusal of some police departments to accept a United States Passport as proof of United States Citizenship, and are injured by their inability to possess, use, or carry handguns for any lawful purpose, including, but not limited to self defense and defense of hearth and home.

38. Both Supporters of Comm2A and members of the general public have contacted Comm2A as a result of police departments' refusal to accept a United States Passport as proof of United States Citizenship. Comm2A has expended time, energy, and money to consult with and provide assistance to these individuals, and particularly with regard to issued surrounding their inability to exercise the right of armed self-defense.

39. Comm2A would not expend its organizational resources to respond to the demands of its supporters and of the general public if Defendants did not refuse to accept a United States Passport as proof of United States Citizenship. Comm2A would instead use its organizational resources to pursue other organizational priorities.

40. All of the Plaintiffs' injuries are irreparable as they are deprivations of Constitutional Rights.

## COUNT I
## Facial Violation of Second Amendment Rights

41. PLAINTIFFS restate and re-allege each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42. The Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, on its face, violates the Plaintiff's individual right to posses a handgun and ammunition for defense of hearth and home secured by the Second Amendment to the United States Constitution.

## COUNT II
## As Applied Violation of Second Amendment Rights

43. PLAINTIFFS restate and re-allege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. The exercise of the Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, as applied, violates the Plaintiff's individual right to posses a handgun and ammunition for defense of hearth and home secured by the Second Amendment to the United States Constitution.

## COUNT III
## Facial Violation of Fourteenth Amendment Rights

45. PLAINTIFFS restate and re-allege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. The Defendant's policy to refuse to process the Firearms License Application of a person with Derived Citizenship, on its face, violates the Plaintiff's right

to equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

## COUNT IV
### As Applied Violation of Fourteenth Amendment Rights

47. PLAINTIFFS restate and re-allege each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48. Defendants' policy to refuse to process the Firearms License Application of a person with Derived Citizenship, as applied, violates the Plaintiff's individual right equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

49. The Defendants' policy to require additional costly paperwork from United States Citizens who acquired Citizenship after birth, as applied, violates the Plaintiff's individual right equal protection under the law secured by the Fourteenth Amendment to the United States Constitution.

## COUNT V
### Violation of Supremacy Clause

50. PLAINTIFFS restate and re-allege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. The Defendant's policy to accept only a birth certificate or naturalization certificate as evidence of United States Citizenship directly contradicts 22 U.S.C. § 2705 which defines proper documentation of United States Citizenship.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

    i.    declaratory judgment that any policy of refusing to accept a United States Passport as evidence of United States Citizenship in conjunction with a

        License to Carry Firearms or a Firearms Identification Card violates the Second Amendment to the United States Constitution;

ii. declaratory judgment that the any practice of refusing to accept a United States Passport as evidence of United States Citizenship in conjunction with a License to Carry Firearms of a Firearms Identification Card violates the Second Amendment to the United States Constitution;

iii. declaratory judgment that the any policy of refusing to accept a United States Passport as evidence of United States Citizenship in conjunction with a License to Carry Firearms of a Firearms Identification Card violates the Fourteenth Amendment to the United States Constitution;

iv. declaratory judgment that the any practice of refusing to accept a United States Passport as evidence of United States Citizenship in conjunction with a License to Carry Firearms of a Firearms Identification Card violates the Fourteenth Amendment to the United States Constitution;

v. declaratory judgment that the any practice of refusing to accept a United States Passport as evidence of United States Citizenship in conjunction with a License to Carry Firearms of a Firearms Identification Card violates the a Third Civil Rights Act, adopted April 20, 1871;

vi. declaratory judgment that any policy requiring specific documentation of United States Citizenship contradicting 22 U.S.C. § 2705 is a violation of the Supremacy Clause and therefore Unconstitutional;

vii. injunctive relief precluding Defendant and his officers, agents, servants, employees, and all persons in involved in processing firearms applications from refusing to accept a United States Passport as evidence of United States Citizenship;

viii. attorney's fees and costs pursuant to 42 U.S.C § 1988.

ix. such other relief as the court deems just;

September 15, 2014

                                                  Respectfully submitted,

                                                  Phuong Ngo,
                                                  Commonwealth Second
                                                  Amendment, Inc,

By their attorneys,

/s/ J. Steven Foley
J. Steven Foley
BBO # 685741
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, MA 01609
Tel: 508-754-1041
Fax: 508-739-4051
JSteven@attorneyfoley.com

/s/ Margarita G. Smirnova

Margarita G. Smirnova
BBO 680429
Attorney at Law
40 Greenbrook Drive
Stoughton MA 02072
Tel: 617-875-8663
margarita.smirnova@gmail.com
Application for Admission *Pro Hac Vice* Pending

**VERIFICATION OF COMPLAINT**

I, the undersigned, having read the allegations of the foregoing Verified Complaint, hereby certify based upon my personal knowledge and under penalty of perjury that the factual allegations asserted in the Verified Complaint are true and correct, and that matters asserted upon information and belief are believed to be true and correct.

Executed this 21st day of September, 2014

_____
Phuong D. Ngo