UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

CIVIL ACTION NO. 1:14-CV-13670-RGS

PHUONG NGO, et al.
                        Plaintiffs

v.

WILLIAM B. EVANS, in his official capacity as
Police Commissioner,
                        Defendant

## DEFENDANT, BOSTON POLICE COMMISSIONER WILLIAM B. EVANS', MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

I.     **INTRODUCTION**

Now comes the Defendant, William B. Evans, in his official capacity as Police Commissioner (hereinafter "Commissioner Evans"), and hereby moves this Honorable Court pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the Plaintiffs' Complaint on the grounds that Plaintiffs, Phuong Ngo (hereinafter "Ngo") and Commonwealth Second Amendment, Inc. (hereinafter "Comm2A") there is no justiciable controversy and the matter is moot.  More specifically, Plaintiffs alleges that the Boston Police Department (hereinafter the "Department") refused to accept Ngo's application for a License to Carry (hereinafter "LTC") based on lack of proof of citizenship and that the Department will not process applications without a United States Birth Certificate or Naturalization Documents. *See Complaint at ¶21-22*. As detailed herein, since the Plaintiff's first attempt to submit a LTC application, the Department has updated the list of acceptable documents to establish citizenship to include a valid United States Passport and

1

a Certificate of Citizenship and has accepted Ngo's application for a LTC. For this reason, and the reasons set forth herein, the Commissioner Evans hereby moves to dismiss the Complaint as moot.

## II.   **FACTUAL BACKGROUND**[1]

Ngo completed a LTC application in our around July 2014 in order to obtain for self-defense and to maintain proficiency in their use, firearms. *See Complaint at ¶20*. Proof of citizenship is required to process a LTC application and Ngo attempted to provide an unnamed employee of the Department's Licensing Unit with a passport. *See Complaint at ¶22*. Ngo derived his citizenship through the naturalization of his father in 2006 and, as a result, does not have a United States Birth Certificate or a Naturalization Document. *See Complaint at ¶24-26*. Ngo attempted to explain his situation to an unnamed Boston police officer but was not permitted to submit his application. *See Complaint at Exhibit B*. The unnamed Boston police officer scheduled an appointment for Ngo to return to the Licensing Unit and submit his application on August 21, 2014. *See Complaint at Exhibit B and C*. On August 19, 2014, Ngo called the Licensing Unit and spoke to an unnamed receptionist about his upcoming appointment and his request for an exemption to establish citizenship. *See Complaint at Exhibit B*. Ngo then spoke to another unnamed Sergeant, who instructed Ngo to contact USCIS to inquire about his situation.[2] *See Complaint at Exhibit B*. The Department did not accept Ngo's passport as proof of citizenship and his LTC application was not processed.[3] *See Complaint at ¶30*.

---

[1] For the limited purposes of its Motion to Dismiss, the Defendant assumes the following facts, as set forth in Plaintiff's Complaint, to be true.
[2] The Department does not have a Sergeant assigned to the Licensing Unit.
[3] Ngo did not speak to the Commander of the Licensing Unit, who is Commissioner Evans' designee regarding the issuance of firearm licenses, prior to the filing of this lawsuit.

### III.   ARGUMENT

#### a.   Motion to Dismiss Standard

"A fundamental principle of the structure of our democracy is that federal courts are courts of limited jurisdiction." *Destek Group, Inc. v. N.H. Pub. Utils. Comm'n,* 318 F.3d 32, 38 (1st Cir.2003). *See also Castillo v. Gillen*, 881 F.Supp.2d 226, 228 (2012). "The power of lower federal courts is limited to jurisdiction authorized by the Constitution and expressly conferred by Congress." *Id.*  Under Article III,  2 of the Constitution, federal courts may only adjudicate live cases or controversies. *Thomas R.W. v. Mass. Dep't of Educ.,* 130 F.3d 477, 479 (1st Cir.1997). "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy. A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." *Id.* (internal quotations and citations omitted). "When a case is moot— that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome—a case or controversy ceases to exist, and dismissal of the action is compulsory." *Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir.2001).

As detailed herein, a valid United States Passport and a Certificate of Citizenship are among the documents acceptable for purposes of establishing citizenship for obtaining a LTC firearms and Ngo's LTC application has been received and is being processed. Within this analytical framework, there is no justiciable controversy among the parties. Accordingly, the Defendant respectfully requests that this action be dismissed with prejudice.

### a.   Comm2A Does Not Have Standing To Proceed As A Plaintiff In This Matter.

The doctrine of standing measures whether a plaintiff has satisfied the "personal stake" requirement at the commencement of an action. *See Baker v. Carr*, 369 U.S. 186, 204 (1962). Thereafter, and as further detailed below, the doctrine of mootness measures whether the plaintiff's interest remains sufficient to justify continuing federal jurisdiction. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). An inquiry into standing must be based on the facts as they existed when the action was commenced. *Mangual v. Rotger-Sabat*, 317 F.3d 45, 56 (1st Cir. 2003). In order to establish the "personal stake" requirement, the plaintiff bears the burden of demonstrating that (i) he has suffered an actual or threatened injury in fact, which is (ii) fairly traceable to the statute, and (iii) can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Allegations of abstract injury are insufficient to make out an injury in fact. Instead, the plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983). Moreover, the plaintiff must show that the injury or threat of injury is both real and immediate. *Id.* at 102. In essence, the plaintiff must show that he is seeking to protect her own legal rights (rather than those of a third party), that the complaint does not merely represent a generalized grievance, and that the complaint falls iwthin the zone of interests protected by the law invoked. *N.H. Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8, 15 (1st Cir. 1996).

In this instance, Comm2A asserts that it has been unable to submit Firearms Applications due to the refusal of "some police departments" to accept a United States Passport as proof of Untied States Citizenship and that supports of Comm2A and members of the general public have contacted Comm2A as a result of police departments' refusal to accept a United

States Passport as proof of United States Citizenship. *See Complaint at ¶¶37-38.* The injuries alleged by Comm2A fail to specifically identify any individuals, other than Ngo, that have attempted to apply for a LTC. Additionally, Comm2A fails to allege that the Department denied any applications for a LTC for reasons relating to proof of citizenship. Finally, while Comm2A may represent the interests of unnamed individuals eligible to apply for a LTC in the City of Boston, as an organization it cannot itself apply. Comm2A cannot establish that it is seeking to protect its own legal rights and the complaint in this matter merely represents a generalized grievance on behalf of unnamed individuals and unnamed licensing authorities. As a result, Comm2A does not have standing to proceed in this matter and the claims must be dismissed.[4]

      **b. <u>A Motion To Dismiss Should Be Granted When The Complaining Party No Longer Has A Personal Stake In The Outcome And An Actual Controversy No Longer Exists.</u>**

As detailed above, Ngo attempted to submit a LTC application in July 2014 and an appointment was scheduled to begin processing on August 21, 2014. *See Complaint at Exhibit B.* At the time, an unnamed employee informed Ngo that the Department did not accept passports as proof of citizenship when processing an LTC application and he did not report for the August 21, 2014, appointment. *See Complaint at Exhibit B.* As a result, the Department did not process Ngo's LTC application at that time.

Lieutenant Detective John McDonough (hereinafter "Lieutenant Detective McDonough") is Commissioner Evans' designee regarding the issuance of firearm licenses in the City of Boston and is the current commander of the Department's Licensing Unit. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough.* Under Lieutenant Detective McDonough's command, the Licensing Unit is responsible for the processing of all LTC applications and, in

---

[4] Assuming, arguendo, that Comm2A does have standing, the matter must still be dismissed because, as detailed herein, a live controversy no longer exists and the matter is moot.

addition to Lieutenant Detective McDonough, is staffed by three (3) patrol officers and two (2) civilians. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough.* Lieutenant Detective McDonough was not aware of Ngo's LTC application or the information allegedly provided by unnamed members of his staff until the filing of the above captioned lawsuit. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough.* As a result, Lieutenant Detective McDonough did not have an opportunity to review Ngo's qualifications for obtaining a LTC in July-August 2014. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough.*

Since learning of Ngo's attempt to file a LTC application through the filing of this lawsuit, Lieutenant Detective McDonough updated the list of documents sufficient to establish citizenship for purposes of obtaining a LTC. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough; Exhibit 2, Document Checklist.* Specifically, on September 26, 2014, Lieutenant Detective McDonough instructed his staff that the Licensing Unit would accept a valid United States Passport, in addition to a U.S. Birth Certificate; Naturalization Documentation; Permanent Resident Card; Certificate of Citizenship; and Foreign Birth Certificate, for purposes of establishing citizenship. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough; Exhibit 2, Document Checklist.* Additionally, on October 7, 2014, the Licensing Unit accepted Ngo's LTC application and is currently processing his request. *See Exhibit 1, Affidavit of Lieutenant Detective McDonough.*

While the Plaintiffs may seek to overcome the mootness issue by arguing that the failure to accept a United States Passport as proof of citizenship, as initially alleged in this case, is "capable of repetition, yet evading review," that exception does not apply in this matter. *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). The "capable of repetition, yet evading review" exception to the mootness doctrine is well established, although it is construed narrowly. *Barr v.*

*Galvin*, 626 F.3d 99, 105-106 (1st Cir. 2010). The party arguing for the exception has the burden of showing that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation or a demonstrated probability that the same complaining party will be subject to the same action again. *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007) (citing *Spencer v. Kemma*, 523 U.S. 1, 17 (1998). In this case, even assuming the Plaintiffs could show the requisite short timing for the exception to apply, they cannot meet the second prong of the test: that there be a reasonable expectation or a demonstrated probability that Ngo's LTC application will be denied for failure to provide the necessary documentation establish citizenship in the future. *See Redfern v. Napolitano*, 727 F.3d 77 (1st Cir. 2013); *See also Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012) ("A moot case cannot be revived by alleged future harm that is so remote and speculative that there is no tangible prejudice to the existing interests of the parties."); *Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 732 (7th Cir. 2006) ("[P]ure speculation as to future injury is not sufficient to meet the exception to mootness."). As detailed above, the Department has accepted and begun processing Ngo's application for a LTC. Additionally, it has updated the paperwork associated with the application to expressly accept a valid United States Passport, among other documents, to establish citizenship when applying for a LTC. Where it is the original Plaintiff, in this case Ngo, "who must bear the onus of repeated exposure to the challenged conduct in order to meet the 'capable of repetition' standard,'" the Plaintiffs cannot establish that they remain at risk for the harm initially complained of. *See Ramirez v. Sanchez Ramos*, 438 F.3d 92, 101 (1st Cir. 2006). As such, the Plaintiffs will be unable to establish the applicability of the "capable of repetition" exception, no live case or controversy exists and the claims must be dismissed as

moot. *Id.* at 100 (noting that, where "intervening events have wiped the slate clean, the case has become moot.").

### IV.    <u>CONCLUSION</u>

As a result of the Department's actions since the filing of this Complaint, including the acceptance of a United States Passport to establish citizenship when applying for a LTC and processing Ngo's LTC application, a controversy ceases to exist and dismissal with prejudice is appropriate.

Respectfully submitted,
Eugene O'Flaherty
Corporation Counsel,

DEFENDANT,
WILLIAM B. EVANS,
as Police Commissioner,
By his attorney,

/s/ Nicole I. Taub
Nicole I. Taub, BBO #663517
Senior Special Assistant
Corporation Counsel
Boston Police Department
Office of the Legal Advisor
Boston, MA 02120
(617) 343-4550
Nicole.Taub@pd.boston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2014, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Nicole I. Taub
Nicole I. Taub

**7.1 Certification**

Undersigned counsel certifies that on September 26, 2014, pursuant to LR, D. Mass 7.1(a)(2), undersigned counsel for the Defendant, Police Commissioner William B. Evans, spoke with counsel for the Plaintiff, Attorney J. Steven Foley, regarding the issues brought by the instant motion. The parties continued to communicate via e-mail and have been unable to resolve or narrow the issues brought by the instant motion.

Date:   October 14, 2014                      /s/ Nicole I. Taub
Nicole I. Taub